IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

JOSHUA A. YOUNG,

            **Plaintiff,**

v.                                            CIVIL ACTION NO.: 2:19-cv-00829
                                                Honorable Joseph R. Goodwin

CORPORAL ARTHUR MUNCY, and
CAPTAIN RONNIE THOMPSON,

            **Defendants.**

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO PROSECUTE

COMES NOW Defendants Corporal Arthur Muncy and Captain Ronnie Thompson (collectively "Defendants"), by and through their respective counsel, and pursuant to Rule 41(b), Federal Rules of Civil Procedure, hereby move this Court for the involuntary dismissal of Plaintiff's Complaint for Plaintiff's failure to prosecute this matter. In support of this Motion, Defendants state as follows:

Plaintiff filed the instant Complaint on November 22, 2019. [ECF No. 2]. At that time, Plaintiff was represented by counsel. This case arises out of events Plaintiff alleges occurred on and after April 25, 2018. *Id.* Plaintiff has been released from custody.

On September 2, 2020, a notice of deposition of the plaintiff was served on all counsel scheduling his deposition for September 18, 2020. [ECF No. 65]. Plaintiff failed to appear for that deposition. (Exhibit A). The undersigned received no communication from plaintiff regarding the deposition.

Further, on September 8, 2020, Plaintiff's counsel, Lydia Milnes, filed her Motion to Withdraw as Counsel siting that Plaintiff had failed to maintain contact with her as necessary to

continue meaningful representation. [ECF No. 66]. By order dated September 11, 2020, this Court ordered that Plaintiff file an objection to that motion and to show cause as to why it should not be granted by September 25, 2020. [ECF No. 67]. To date, Plaintiff has failed to respond to Ms. Milnes' Motion to Withdraw as Counsel as ordered by the Court. This Court has now entered an order granting that motion. [ECF No. 68].

## II. ARGUMENT

Rule 41(b) of the Federal Rule of Civil Procedure provides, in part, that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—**operates as an adjudication on the merits**." (emphasis added). Dismissal is allowed "in the face of a clear record of delay or contumacious conduct by the Plaintiff." *Durham v. Florida East Coast Ry. Co.*, 385 F.2d 366, 368 (5th Cir. 1967). Further, the Supreme Court has determined that a court may dismiss a civil action under these circumstances on its own motion. *Link v. Wabash R.R.*, 370 U.S. 626 (1962). "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot be seriously doubted." *Link v. Wabash R. Co*, 370 U.S. 626, 629 (1962). Such a sanction is necessary to "prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts. *Id.* at 629-30.

When assessing whether to impose the sanction of dismissal, the Court should consider four factors, including: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendants caused by the delay in the prosecuting; (3) the

presence or absence of a history of plaintiff deliberately proceeding in dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams,* 588 F.2d 69, 70 (4th Cir. 1978). When each of the factors set forth above are considered in this case, it is clear that a dismissal of this matter is warranted.

Dismissal in this case is warranted because Plaintiff has failed to appear for his deposition as properly noticed. He has failed to respond to Ms. Milnes' Motion to Withdraw as Counsel. He has therefore failed to comply with the Federal Rules of Civil Procedure and this Court's order. Plaintiff has now failed to prosecute his claims, warranting a dismissal.

**WHEREFORE,** based upon the foregoing, Defendants hereby request the dismissal of this matter, with prejudice, and that these Defendants be granted any and all other relief this Honorable Court may deem just and proper.

**CORPORAL ARTHUR MUNCY AND CAPTAIN RONNIE THOMPSON,**

By Counsel

*/s/ William E. Murray*
William E. Murray (WVSB # 2693)
Anspach Meeks Ellenberger LLP
900 Lee Street East, Suite 1700
Charleston, West Virginia 25301
304-205-8063 - telephone
304-205-8062 – facsimile
wmurray@anspachlaw.com

*/s/ John P. Fuller*
John P. Fuller, Esquire
Bailey & Wyant, PLLC
500 Virginia Street, East, Suite 600
Charleston, West Virginia 25301

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

JOSHUA A. YOUNG,

                     **Plaintiff,**

v.                                            CIVIL ACTION NO.: 2:19-cv-00829
                                                  Honorable Joseph R. Goodwin

CORPORAL ARTHUR MUNCY, and
CAPTAIN RONNIE THOMPSON,

                     **Defendants.**

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on the 6th day of October, 2020, I electronically filed *"Memorandum of Law in Support of Defendants' Motion to Dismiss for Failure to Prosecute"* with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participant:

                    John P. Fuller, Esquire
                    Bailey & Wyant, PLLC
            500 Virginia Street, East, Suite 600
                  Post Office Box 3710
          Charleston, West Virginia 25337-3710
             *Counsel for Corporal Arthur Muncy*

and served the following via First Class Mail:

                      Joshua Young
                   1527 ½ 7th Avenue
                 Huntington, WV 25701
                   *Pro Se Plaintiff*

                                                   */s/ William E. Murray*
                                       William E. Murray (WVSB #2693)
                                       ANSPACH MEEKS ELLENBERGER LLP
                                       900 Lee Street East, Suite 1700
                                       Charleston, West Virginia 25301
                                       304-205-8063 - telephone
                                       304-205-8062 – facsimile
                                       wmurray@anspachlaw.com