IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JOSHUA A. YOUNG,

        Plaintiff,

v.                              CIVIL ACTION NO.  2:19-cv-00829

CORPORAL ARTHUR MUNCY, et al.,

        Defendants.

### ORDER

Pending before the court is Defendants' Motion to Dismiss for Failure to Prosecute [ECF No. 87]. For the reasons that follow, the Motion is **GRANTED**. All other pending motions are therefore **DENIED AS MOOT**.

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." In addition, the Supreme Court of the United States has made clear that "[t]he authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot be seriously doubted." *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962). When assessing whether to impose the sanction of dismissal, the court should consider four factors: "(1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the

defendant caused by the delay; (3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978) (internal quotation marks omitted) (citation omitted). In considering these factors, I find it important to set out some of the procedural history of this case.

Plaintiff filed this case, by counsel, on November 22, 2019. [ECF No. 2]. On September 2, 2020, Defendants noticed Plaintiff's deposition for September 18, 2020. Plaintiff failed to appear. On September 8, 2020, Plaintiff's first lawyer, Lydia Milnes and the law firm of Mountain State Justice, Inc., moved to withdraw as counsel of record because Plaintiff "failed to maintain contact with counsel as necessary to continue meaningful representation." [ECF No. 66]. I ordered Plaintiff to file any objections to this motion and show cause as to why it should not be granted by September 25, 2020. [ECF No. 67]. Plaintiff did not file any objection or otherwise show cause why the motion to withdraw should not be granted, and I granted the motion. [ECF No. 68]. Plaintiff was to obtain new counsel within 30 days or proceed *pro se*.

On November 2, 2020, Paul E. Stroebel filed a notice of appearance on behalf of Plaintiff. [ECF No. 75]. After that, Defendant Ronnie Thompson properly noticed Plaintiff's deposition for January 12, 2021. Plaintiff failed to appear. Defendant Thompson again noticed Plaintiff's deposition for February 9, 2021, the deadline for discovery in this case. Plaintiff again failed to appear. On February 24, 2021, Mr. Stroebel moved to withdraw as counsel because Plaintiff had failed to maintain

contact and counsel was unable to locate him, even after engaging a private investigator. [ECF No. 82]. Two days later, Defendants filed the instant motion to dismiss. [ECF No. 85].

I entered an Order setting a hearing on the motion to withdraw for March 10, 2021, and compelled Plaintiff's personal appearance. [ECF No. 89]. Plaintiff failed to appear. [ECF No. 91]. At the hearing, I denied the motion to withdraw and informed counsel of my intent to grant the instant motion to dismiss if Plaintiff did not contact his attorney and make himself available for deposition by March 12, 2021. Plaintiff's counsel was to promptly notify the court if Plaintiff did so. The court has received no notification from Plaintiff's counsel that Plaintiff made contact or appeared for a deposition.

Given these facts, the *Davis* factors weigh in favor of dismissal. I find that Plaintiff bears personal responsibility for his failure to prosecute this case. Plaintiff has had two separate attorneys move to withdraw because Plaintiff failed to maintain contact. Plaintiff also failed to appear for three properly noticed depositions, allowing the entire time allotted for discovery to pass without appearing or making contact. In addition, Plaintiff failed to appear for the March 10, 2021 motion hearing despite my Order directing him to do so. Defendants are entitled to proper discovery but were unable to obtain it due to Plaintiff's failure to appear for depositions or communicate with his counsel. Other than retaining counsel and filing this action, Plaintiff has made no meaningful attempt to prosecute his own case. Because Plaintiff has failed to even maintain contact with his own counsel, and had failed to follow orders of this

court, I find that a sanction less than dismissal would be ineffective. The Motion to Dismiss [ECF No. 87] is **GRANTED**. All other pending motions are therefore **DENIED AS MOOT**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to Plaintiff Joshua Young, 1527 ½ 7th Ave., Huntington, WV 25701.

ENTER: March 16, 2021

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE